Matter of Schlitt (2017 NY Slip Op 09138)





Matter of Schlitt


2017 NY Slip Op 09138


Decided on December 27, 2017


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 27, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RANDALL T. ENG, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
LEONARD B. AUSTIN, JJ.


2017-07978

[*1]In the Matter of Carol L. Schlitt, admitted as Carol Lynn Schlitt, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Carol L. Schlitt, respondent. (Attorney Registration No. 2119667)



APPLICATION pursuant to 22 NYCRR 1240.10 by Carol L. Schlitt, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 22, 1987, under the name Carol Lynn Schlitt, to resign as an attorney and counselor-at-law. The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts commenced a disciplinary proceeding pursuant to 22 NYCRR 1240.8 by service upon the respondent and the filing with this Court of a notice of petition dated August 15, 2017, and a verified petition dated August 9, 2017. On August 17, 2017, the Grievance Committee served an order to show cause upon the respondent, seeking, inter alia, an order immediately suspending her from the practice of law pursuant to 22 NYCRR 1240.9(a)(4) and (5), based upon a finding that she is guilty of professional misconduct immediately threatening the public interest.



Diana Maxfield Kearse, Brooklyn, NY (Thomas Graham Amon of counsel), for petitioner.
Scalise & Hamilton LLP, Scarsdale, NY (Deborah A. Scalise of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The respondent, Carol L. Schlitt, admitted as Carol Lynn Schlitt, has submitted an affidavit sworn to on September 19, 2017, in support of her application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10).
The respondent acknowledges in her affidavit that her resignation is freely and voluntarily rendered, and that she is not being subjected to coercion or duress by anyone. She acknowledges that she is the subject of a disciplinary charge pending before this Court, as set forth in a verified petition dated August 9, 2017, alleging willful misappropriation of money or property. The respondent acknowledges that she could not successfully defend herself against the allegations based upon the facts and circumstances of her professional conduct. Further, she acknowledges that she is fully aware of the implications of submitting her resignation, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking her name from the roll of attorneys and counselors-at-law.
As to the issue of restitution, the respondent consents to the entry of an order by the [*2]Court, pursuant to Judiciary Law § 90(6-a), directing that she make monetary restitution to Heidi Visser. The respondent also acknowledges that her resignation is submitted subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90(6-a), directing that she make restitution or reimburse the Lawyers' Fund for Client Protection of the State of New York, and that she consents to the Court's continuing jurisdiction to make such an order.
The respondent also acknowledges and agrees that pending the issuance of this order accepting her resignation, she will not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which she has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.
Lastly, the respondent acknowledges that in the event that the Court accepts her resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned charge and allegations, including her affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the Court grant the respondent's application for resignation.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted and, effective immediately, the respondent is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law. The motion by the Grievance Committee, which, inter alia, seeks to immediately suspend the respondent from the practice of law pursuant to 22 NYCRR 1240.9(a)(4) and (5), is denied as academic. On the Court's own motion, the disciplinary proceeding initiated by the Grievance Committee is discontinued in light of the respondent's disbarment.
ENG, P.J., MASTRO, RIVERA, DILLON, and AUSTIN, JJ., concur.
ORDERED that the application of Carol L. Schlitt, admitted as Carol Lynn Schlitt, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, Carol L. Schlitt, admitted as Carol Lynn Schlitt, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that Carol L. Schlitt, admitted as Carol Lynn Schlitt, shall comply with this Court's rules governing the conduct of disbarred and suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, Carol L. Schlitt, admitted as Carol Lynn Schlitt, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that Carol L. Schlitt, admitted as Carol Lynn Schlitt, shall make monetary restitution to Heidi Visser, in the amount of $830,009, pursuant to Judiciary Law § 90(6-a), with credit upon proof of any amount previously paid to Heidi Visser; and it is further,
ORDERED that pursuant to Judiciary Law § 90(6-a)(a), Carol L. Schlitt, admitted as Carol Lynn Schlitt, shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to Heidi Visser; and it is further,
ORDERED that pursuant to Judiciary Law § 90(6-a)(d), this order may be entered as a civil judgment, and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by the party to whom payments are due hereunder in the amount set forth herein, minus any amount reimbursed by the Lawyers' Fund for Client Protection of the State of New [*3]York, or by the Lawyers' Fund for Client Protection of the State of New York when it has been subrogated to the rights of such party; and it is further,
ORDERED that if Carol L. Schlitt, admitted as Carol Lynn Schlitt, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and she shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f); and it is further,
ORDERED that the motion by the Grievance Committee, which, inter alia, seeks to immediately suspend the respondent from the practice of law pursuant to 22 NYCRR 1240.9(a)(4) and (5), is denied as academic; and it is further,
ORDERED that, on the Court's own motion, the disciplinary proceeding initiated by the Grievance Committee based upon the notice of petition dated August 15, 2017, and verified petition dated August 9, 2017, is discontinued.
ENTER:
Aprilanne Agostino
Clerk of the Court